In re Lawrence G. WILLIAMS, Debtor.

Lawrence G. WILLIAMS, Plaintiff,

v.

UNITED STATES of America, Internal Revenue Service, et al., Defendants.

Bankruptcy No. 90–12125.
Adv. No. 91–1047.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 6, 1995.

Dennis Stein, Kurtzman, Haspel & Stein, Spring Valley, NY, John Boyajian, Boyajian,

Harrington & Richardson, Providence, RI, for Debtor/Plaintiff.

Charles Cannon, Peter Sklarew, D. Patrick Mullarkey, U.S. Department of Justice, Washington, DC, Michael Iannotti, Office of the U.S. Attorney, Providence, RI, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On November 22, 1995, the Court received a letter from the Department of Justice on behalf of the Defendant, the Internal Revenue Service, requesting, *inter alia,* the entry of partial final judgment in this adversary proceeding. To save time and judicial resources we will treat the letter as a motion, and do not require a response by the Debtor. The Department of Justice/IRS seeks, with respect to certain discovery orders, leave to file an immediate appeal of a personal sanction imposed against a government attorney. *See Williams v. United States (In re Williams)* 181 B.R. 1 (Bankr.D.R.I.1995), *modified,* 188 B.R. 721 (Bankr.D.R.I.1995).

Upon consideration of the clear and unambiguous language of Fed.R.Civ.P. 54(b) [1] concerning the entry of partial final judgment in *an action,* we conclude that Rule 54(b) is not intended to cover or include discovery orders, and that the entry of partial final judgment on the order in question is not authorized. Rule 54(b) states in part:

> When more than one *claim for relief* is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. (Emphasis added.)

Fed.R.Civ.P. 54(b). We believe that the term or phrase "claim for relief" refers to a specifically pleaded *claim or counter-claim,* and does not include discovery disputes resulting in orders imposing sanctions, which are plainly interlocutory. Accordingly, the Internal Revenue Service's request for entry of partial final judgment of the order in question is DENIED. To press its desire for an immediate appeal, the Defendant should follow the appellate procedure governing requests for leave to appeal interlocutory orders. *See* Fed.R.Bankr.P. 8003.

1. Rule 54(b) is made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7054.